$400 MAK

LAW OFFICE OF JEFFREY CAMPOLONGO
BY: JEFFREY CAMPOLONGO, ESQUIRE
IDENTIFICATION NO: 82608
50 MONUMENT ROAD, SUITE 101
BALA CYNWYD, PA 19004
484.434.8930
484.434.8931 (FAX)
JCAMP@JCAMPLAW.COM
WWW.JCAMPLAW.COM

COUNSEL FOR PLAINTIFF

19    2773

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE SHELLITO | : | |
| 801 JACKS MILL DRIVE | : | |
| BOALSBURG, PA 16827 | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | NO.: |
|     v. | : | |
| | : | JURY TRIAL DEMANDED |
| THE TRAVELERS COMPANIES, INC. | : | |
| ONE TOWER SQUARE | : | |
| HARTFORD, CT 06183 | : | |
|     Defendant. | : | |
| | : | |

FILED

JUN 25 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

### COMPLAINT

## I.    INTRODUCTION AND SUMMARY

1.    Plaintiff, Christine Shellito, (hereinafter referred to as "Ms. Shellito") alleges through her counsel, the LAW OFFICE OF JEFFREY CAMPOLONGO, that her rights to be free from discrimination under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.* have been violated.

2.    This case involves Ms. Shellito and her former employer The Travelers Companies, Inc. (hereinafter referred to as "Defendant Travelers"). Ms. Shellito worked for Travelers for over twenty-three years with a virtually unblemished track record of performance.    After disclosing her medical condition to her employer, she was subjected to ongoing, escalating discrimination, harassment and retaliation by

Travelers, which ultimately resulted in her unlawful termination of employment in November 2017.

3.    The Defendant's unlawful disability discrimination has harmed Ms. Shellito by discharging her which caused her to suffer ongoing wage loss and other economic and non-economic damages.

## II.    <u>PARTIES</u>

4.    Plaintiff, Christine Shellito, is an adult female who resides at the above captioned address.

5.    At all times material hereto, Plaintiff was an employee of Defendant Travelers.

6.    Plaintiff worked for Defendant Travelers remotely from her home in Boalsburg, Pennsylvania, starting on July 1, 2016 and at all times material hereto was a resident of, and employed in, the Commonwealth of Pennsylvania.

7.    Defendant Travelers is a corporation that has a primary business address at the above captioned address. At all relevant times, Travelers has continuously been an employer, a person, and a covered entity within the meaning of 42 U.S.C. § 12111 (2), (5) and (7), as well as the Pennsylvania Human Relations Act.

8.    Defendant Travelers is an entity engaged in an industry or activity affecting commerce which employs 15 or more employees in all of its offices, pursuant to 42 U.S.C. § 12111 (5)(A).

## III.    <u>JURISDICTION and VENUE</u>

9.    Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

10.    Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating

commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

11. Plaintiff exhausted her administrative remedies when Plaintiff submitted a verified Charge of Discrimination to the Equal Employment Opportunity Commission ("EEOC") (Charge No. 530-2019-01048) which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), on or about May 23, 2018.

12. On or about March 29, 2019, Plaintiff was issued her "Dismissal and Notice of Rights" for her federal claims against Defendant.

13. On May 23, 2019, it had been one (1) year since the filing of the PHRC complaint, thus Plaintiff is entitled to bring her claims pursuant to the PHRA against Defendant.

14. This Court has personal jurisdiction over Defendant Travelers because the company systematically and continuously engages in substantial interstate commercial conduct and business activity in Pennsylvania, and the case arises out of Defendant's unlawful conduct within this Commonwealth.

15. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania inasmuch as Defendant Travelers regularly conducts business within this District.

## IV. FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

17. Ms. Shellito was employed as an Examiner, Quality Management specializing in automobile claims by Defendant Travelers for twenty-three years. She was consistently recognized as an excellent, hard-working, and dedicated employee throughout her employment.

18. Since on or about January 12, 2006, Ms. Shellito worked from home as a virtual employee of Defendant Travelers.

19. For over a decade, this virtual employment arrangement posed no problems or issues for Defendant Travelers.

20. In September of 2015, Ms. Shellito made her manager, Tina Haun, department director, Amy Hennessy, and human resources generalist, Kelly McCusker, aware that she has Graves' Disease, a chronic and incurable medical condition.

21. Ms. Shellito's medical condition substantially limits her major life activities, including but not limited to the operation of major bodily functions such as the endocrine, circulatory, and immune systems, and other related activities.

22. At all times material hereto, Ms. Shellito's disability did not prevent her from performing the essential functions of her position with Defendant Travelers.

23. On or about November 5, 2015, Ms. Shellito submitted a request for an accommodation to continue working virtually due to her disability. Ms. Shellito provided documentation from her physician regarding her medical condition and her need to work virtually.

24. At the time, many of Ms. Shellito's peers and teammates worked virtually with an expectation to be in an office only three (3) days per quarter.

25. Nevertheless, Ms. Shellito was directed by Defendant Travelers to report to an office no fewer than three (3) days per week.

26. On or about December 10, 2015, Defendant Travelers approved a partial accommodation, which still required Ms. Shellito to be in the office two (2) days per week.

27. On or about January 25, 2016, Defendant Travelers altered Ms. Shellito's partial accommodation to require her to be in the office three (3) days per quarter.

28.   Since requesting her accommodation, Ms. Shellito was subjected to an openly hostile work environment in which she was targeted and treated differently from her peers and teammates by Amy Hennessy and Brigette Votava, her direct manager.

29.   Subsequent to September of 2015, Ms. Shellito's performance evaluations were inaccurate, unfair, and punitive in nature.

30.   On or about February 16, 2016, Ms. Shellito notified Defendant Travelers that she did not agree with her 2015 performance evaluation and believed it to be retaliatory due to her previous accommodation request.

31.   Following an HR investigation into Ms. Shellito's complaints of retaliation related to the content in her 2015 performance evaluation, Defendant Travelers refused to make any changes to the evaluation.

32.   In January of 2017, Ms. Shellito requested that her 2016 performance evaluation be amended based upon her complaint that it was not an accurate assessment of her work product for the 2016 calendar year.

33.   On or about April 4, 2017, Ms. Shellito was placed on a 60-day performance coaching plan. Ms. Shellito's performance was evaluated in a manner that was arbitrary, capricious, and inconsistent with the expectation and evaluation methodology applied to Ms. Shellito's peers and teammates.

34.   The coaching plan was then changed to a 60-day performance improvement plan.

35.   On or about August 29, 2017, Ms. Shellito pursued an Internal Dispute Resolution with Defendant Travelers, alleging retaliation for making her ADA request.

36.   On or about October 10, 2017, Ms. Shellito was placed on a 30-day Final Performance Notice and Improvement Plan through November 19, 2017.

37.   On November 28, 2017, Ms. Shellito's employment with Defendant Travelers was terminated.

## COUNT I

### DISPARATE TREATMENT AND WRONGFUL TERMINATION
### AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12101 *et seq.*
### AND THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"),
### 43 P.S. § 951 *et seq.*

38.    Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

39.    Plaintiff is a qualified individual with a disability in that she has Graves' Disease, a chronic and incurable medical condition, which substantially limits her performance of major life activities including but not limited to the operation of major bodily functions such as the endocrine, circulatory, and immune systems, and other related activities.

40.    Plaintiff is in a protected class because she has a record of an impairment and/or was regarded as having a disability by Defendant.

41.    Plaintiff's disability, at all times material hereto, did not prevent her from performing the essential functions of her job.

42.    At all material times Defendant knew, or should have known, of Plaintiff's need for reasonable accommodation due to her disability.

43.    Plaintiff made several written and unwritten requests for workplace modifications as a form of reasonable accommodation.

44.    Defendant has subjected Plaintiff to standards not required of other non-disabled employees, resulting in disparate treatment and Plaintiff's wrongful termination of employment.

45.    Defendant has intentionally discriminated against Plaintiff because of her disability by terminating her employment.

46.    Plaintiff believes and avers that she was wrongfully terminated and that the

aforementioned discrimination was based on her actual disability, record of a disability and/or her perceived mental and/or physical disability, protected by the Americans with Disabilities Act and the Pennsylvania Human Relations Act.

47.   As a result of the unlawful discrimination by Defendant Travelers as described herein, Plaintiff suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, emotional distress, and reasonable attorney's fees, the exact amount of which will be determined at trial.

48.   The above-mentioned acts were willful, wanton, malicious and oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages (under the ADA).

## COUNT II

### RETALIATION
### AMERICANS WITH DISABILITIES ACT ("ADA"), 42 U.S.C. § 12101 *et seq.*
### AND THE PENNSYLVANIA HUMAN RELATIONS ACT ("PHRA"),
### 43 P.S. § 951 *et seq.*

49.   Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

50.   At all material times, Plaintiff engaged in protected activity when she requested reasonable accommodations for her disability to Defendant Travelers.

51.   Plaintiff has suffered tangible adverse employment action in the forms described above, including termination of her employment.

52.   The adverse employment action Plaintiff has suffered is a direct result of Plaintiff's engaging in protected activity.

53.   Defendants have unlawfully retaliated against Plaintiff because the opposed conduct was made an unlawful practice by the ADA and the PHRA.

54.   As a result of the unlawful discrimination of Defendant Travelers as described

herein, Plaintiff suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out of pocket expenses, interest, emotional distress, and reasonable attorney's fees, the exact amount of which will be determined at trial.

55.     The above-mentioned acts were willful, wanton, malicious and oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages (under the ADA).

**WHEREFORE**, Plaintiff requests that the Court grant her the following relief against Defendant:

(a)     Damages in a sum to exceed $150,000.00 for past and future monetary losses as a result of Defendant's unlawful discrimination;

(b)     Compensatory damages;

(c)     Punitive damages (where applicable);

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA;

(j)     Order Defendant to institute and implement training programs, policies, practices and programs which provide equal employment opportunities for persons with present, past, or perceived disabilities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

LAW OFFICE OF JEFFREY CAMPOLONGO

June 25, 2019                    By:  [JC3646 - Validation of Signature Code]
Date                                 Jeffrey Campolongo
                                     Identification No: 82608
                                     50 Monument Road, Suite 101
                                     Bala Cynwyd, PA 19004
                                     (484) 434-8930
                                     (484) 434-8931 fax

                                     *Counsel for Plaintiff*

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS

CHRISTINE SHELLITO

**(b)** County of Residence of First Listed Plaintiff    Centre
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jeffrey Campolongo, Law Office of Jeffrey Campolongo, 50 Monument Rd, Ste 101, Bala Cynwyd PA 19004, (484) 434-8930

## DEFENDANTS

THE TRAVELERS COMPANIES, INC    2773

County of Residence of First Listed Defendant    Hartford
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
Plaintiff

❒ 2  U.S. Government
Defendant

☒ 3  Federal Question
*(U.S. Government Not a Party)*

❑ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❑ 345 Marine Product Liability | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 160 Stockholders' Suits | ❑ 355 Motor Vehicle Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 190 Other Contract | ❑ 360 Other Personal Injury | ❑ 371 Truth in Lending | ❑ 720 Labor/Management Relations | ❑ 861 HIA (1395ff) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 380 Other Personal Property Damage | ❑ 740 Railway Labor Act | ❑ 862 Black Lung (923) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | ❑ 385 Property Damage Product Liability | ❑ 751 Family and Medical Leave Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 890 Other Statutory Actions |
| | | | | ❑ 864 SSID Title XVI | ❑ 891 Agricultural Acts |
| | | | | ❑ 865 RSI (405(g)) | ❑ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❑ 895 Freedom of Information Act |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | ❑ 791 Employee Retirement Income Security Act | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 896 Arbitration |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS – Third Party 26 USC 7609 | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | ❑ 950 Constitutionality of State Statutes |
| ❑ 245 Tort Product Liability | ☒ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
❑ 2 Removed from State Court
❑ 3 Remanded from Appellate Court
❑ 4 Reinstated or Reopened
❑ 5 Transferred from Another District *(specify)*
❑ 6 Multidistrict Litigation - Transfer
❑ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
Americans with Disabilities Act - Employment, 42 U.S.C. § 12101 et seq

Brief description of cause:
disability employment discrimination

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

**DEMAND $**
>$150,000

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes  ❑ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____     DOCKET NUMBER _____

DATE
June 25, 2019    JUN 25 2019

SIGNATURE OF ATTORNEY OF RECORD

JUN 19 2019

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

MAK

19-CV-2773

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Christine Shellito, 801 Jacks Mill Drive, Boalsburg, PA 16827 _____

Address of Defendant: _____ The Travelers Companies, Inc., One Tower Square, Hartford, CT 06183 _____

Place of Accident, Incident or Transaction: _____ Centre County, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ N/A _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE _____ June 25, 2019 _____ 82608

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify)* _____ ADA 42 U S C. § 12101 et seq _____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1 Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4 Marine Personal Injury
- ☐ 5 Motor Vehicle Personal Injury
- ☐ 6 Other Personal Injury *(Please specify)* _____
- ☐ 7 Products Liability
- ☐ 8 Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ Jeffrey Campolongo _____, counsel of record *or* pro se plaintiff, do hereby certify

- ☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs
- ☑ Relief other than monetary damages is sought

DATE _____ June 25, 2019 _____ 82608

*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

NOTE A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

JUN 25 2019



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTINE SHELLITO         :         CIVIL ACTION

v.                     :

THE TRAVELERS COMPANIES, INC.   :    **19   2773**

                                            NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

June 25, 2019                              Jeffrey Campolongo, Esquire
**Date**          **Attorney-at-law**         **Attorney for Plaintiff**

484-434-8930      484-434-8931       jcamp@jcamplaw.com
**Telephone**       **FAX Number**       **E-Mail Address**

(Civ. 660) 10/02

JUN 25 2019